# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-50465
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ANTHONY TIJERINA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-192-1

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Anthony Tijerina was convicted, following a jury trial, of possession with intent to distribute cocaine and possession of a firearm by a person who is both an unlawful user of and addicted to a controlled substance. Tijerina was sentenced to concurrent sentences of 41 months of imprisonment and three years of supervised release. He argues on appeal that the district court erred in denying his motion to suppress the cocaine and firearms seized from his vehicle and residence. Tijerina does not contest the legality of the initial traffic stop.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, he asserts that the search of his car violated the Fourth Amendment because the officers did not have reasonable suspicion to justify a further extension of the initial traffic stop. He contends that the Government failed to offer evidence establishing the reliability of the confidential informant (CI) or that the officers conducted independent police working linking him to criminal activity prior to the traffic stop.

In reviewing a district court's denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law de novo. United States v. Lopez-Moreno, 420 F.3d 420, 429 (5th Cir. 2005) (citation omitted). We construe all facts in the light most favorable to the government as the prevailing party. Id. The district court's determination that the facts provided reasonable suspicion is reviewed de novo. Id. at 430.

An investigative vehicle stop is permissible under Terry v. Ohio, 392 U.S. 1 (1968), only when the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot. United States v. Martinez, 486 F.3d 855, 861 (5th Cir. 2007). Although a "mere hunch" will not suffice, a "reasonable suspicion" need not rise to the level of probable cause. Lopez-Moreno, 420 F.3d at 430. To determine the propriety of such a stop, "[c]ourts first examine whether the officer's action was justified at its inception, and then inquire whether the officer's subsequent actions were reasonably related in scope to the circumstances that justified the stop." United States v. Brigham, 382 F.3d 500, 506 (5th Cir. 2004) (en banc) (citing Terry, 392 U.S. at 19-20).

"A tip, even an anonymous tip, may provide the reasonable suspicion necessary to justify an investigatory stop." United States v. Gonzalez, 190 F.3d 668, 672 (5th Cir. 1999) (citing Alabama v. White, 496 U.S. 325, 327-29 (1990)). "Reasonable suspicion" may be based on information supplied by a confidential informant if the information posesses "indicia of reliability." United States v. Roch, 5 F.3d 894, 898 (5th Cir. 1993); see also Adams v. Williams, 407 U.S. 143,

147 (1972). Whether a tip provides a reasonable suspicion for an investigative stop depends on various factors, including:

> the credibility and reliability of the informant, the specificity of the information contained in the tip or report, the extent to which the information in the tip or report can be verified by officers in the field, and whether the tip or report concerns active or recent activity, or has instead gone stale.

Martinez, 486 F.3d at 861 (citations omitted).

The district court determined that the information from the CI provided a reasonable suspicion for an investigative stop of Tijerina's vehicle, and we agree. We find that the district court did not clearly err when it made the following factual determinations regarding the CI: (1) the tip was not anonymous, but was rather given by a CI who had been working with the police for a week; (2) the CI had given the police information regarding other narcotics activity during that week, the information was corroborated by the police, and the police believed that information to be reliable; (3) the CI gave unsolicited information to the police regarding Tijerina's narcotics activity; (4) the CI specifically identified Tijerina's address, his two vehicles, and his picture, all of which was corroborated by independent police work; (5) the CI told the police that Tijerina was selling cocaine and that he was setting up a purchase; (6) the CI participated in a controlled buy of cocaine from Tijerina with the assistance of the police; (7) the police were present when the CI called Tijerina from a payphone to initiate the controlled buy; and (8) the police witnessed Tijerina leave his home and drive towards the location for the controlled buy immediately after he received the phone call from the CI.

Based on these facts, we find that the police had a reasonable suspicion that Tijerina was transporting cocaine in his vehicle, so the investigative vehicle stop was constitutional. Furthermore, the police officers still harbored this reasonable suspicion at the time they received consent from Tijerina to search his vehicle. Officer Diaz's questioning and request for consent to search was

"reasonably related in scope to the circumstances that justified the stop." See Brigham, 382 F.3d at 506. Because we conclude that the investigative stop was constitutional and that Tijerina's consent was not tainted by a Fourth Amendment violation, we decline to evaluate the facts of this case under our "traffic stop" jurisprudence. See Lopez-Moreno, 420 F.3d at 430-31.

Tijerina also argues on appeal that the district court erred in its determination that he voluntarily consented to the search of his vehicle and residence. "This court considers six factors in evaluating the voluntariness of consent to search, all of which are relevant, but no one of which is dispositive or controlling." United States v. Solis, 299 F.3d 420, 436 (5th Cir. 2002). The six factors this court considers are the following:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his or her right to refuse consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

Id. at 436 n.21 (citation and internal quotation marks omitted). Because the investigative stop was constitutional, it is unnecessary to determine whether Tijerina's consent was an "independent act of free will." See United States v. Khanalizadeh, 493 F.3d 479, 484 (5th Cir. 2007) (citing United States v. Jenson, 462 F.3d 399, 407 (5th Cir. 2006)). The district court made specific findings concerning all six factors when determining that Tijerina's consent to search his vehicle and residence was voluntary. Based on the district court's credibility determination, and because there are sufficient facts to support consent, there is no clear error. See Solis, 299 F.3d at 436-37; United States v. Estrada, 459 F.3d 627, 634 (5th Cir. 2006)

Accordingly, the judgment of the district court is AFFIRMED.